**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| WAVELINK, INC,<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant. | No. 26-cv-00967<br>Senior Judge Eric G. Bruggink |

**DEFENDANT'S ANSWER**

For its answer to the complaint of plaintiff, defendant admits, denies, and alleges as follows:

**NATURE OF THE ACTION[1]**

1. The allegations contained in paragraph 1, constitute conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

**PARTIES**

2. Denies the allegations contained in paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth.

3. The allegations contained in paragraph 3 constitute conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied

[1] For the sake of clarity, defendant includes in its answer the headings that plaintiff used it its complaint. Because these headings constitute plaintiff's characterization of its case and conclusions of law, no response is required. To the extent that any headings may be deemed allegations of fact, they are denied, and our use of the plaintiff's headings should not be considered an admission.

## JURISDICTION

4. Admits the allegation in the first sentence of paragraph 4 to the extent supported by the contract, which is the best evidence of its contents; otherwise denies the allegations in the first sentence of paragraph 4. The allegation in footnote 1 of paragraph 4 constitutes conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. The allegations in the second sentence of paragraph 4 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. The allegation in footnote 2 of paragraph 4 constitutes conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the third sentence of paragraph 4 to the extent supported by the referenced letter, which is the best evidence of its contents; otherwise denies the allegations in the third sentence of paragraph 4. Admits the allegation in footnote 3 of paragraph 4 to the extent supported by the referenced letter; otherwise denies the allegations in footnote 3 of paragraph 4. The allegations in the fourth sentence of paragraph 4 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegation of the fifth sentence of paragraph 4 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations in the fifth sentence of paragraph 4. The allegations in the sixth sentence of paragraph 4 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. The allegation in footnote 4 of paragraph 4 constitutes conclusions

of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

**FACTS**

5. Admits the allegation that Advanced Technology International (ATI) purports to be a nonprofit corporation and that ATI was awarded an Other Transaction Agreement (OTA) by the Government. The allegation that the OTA was "authorized by 10 U.S.C. § 2371 (now 10 U.S.C. § 4021)," is a conclusion of law, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

6. Admits the allegations contained in paragraph 6 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies.

7. Admits the allegations contained in paragraph 7 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies.

8. Admits the allegations contained in paragraph 8 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies.

9. Admits.

10. Admits the allegations contained in paragraph 10 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies. With respect to the "clarification" in footnote 5 of paragraph 10, admitted.

11. Deny.

12. Admits the allegations contained in paragraph 12 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies.

13. Admits the allegations contained in paragraph 13 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies.

14. Admits the allegations contained in paragraph 14 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies.

15. Admits the allegations contained in paragraph 15 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies.

16. Admits the allegations contained in paragraph 14 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies.

17. Deny.

18. With respect to the allegation in paragraph 18, denies that WaveLink could not independently define the system baseline, admits that WaveLink could not independently develop cybersecurity artifacts, admits that WaveLink could not validate requirements without access to Government-furnished information, denies that WaveLink could not validate requirements without access to Government systems, admits that WaveLink could not validate requirements without access to Government personnel responsible for cybersecurity, denies that WaveLink could not validate requirements without access to Government personnel responsible for operations, and infrastructure.

19. With respect to the allegation in paragraph 19, admits that WaveLink's ability to perform was dependent on GFI including Concept of Operations ("CONOPS") documentation; denies that system architecture, network topology, interface definitions, Authorization to Operate ("ATO") artifacts were necessary for WaveLink to perform.

20. With respect to the allegation in paragraph 20, admit that GFI can notionally be divided into two categories, deny the remaining allegations.

21. Deny.

22. Deny.

23. Deny.

24. Admit.

25. Deny.

26. Deny.

27. Deny.

28. Deny.

29. Deny.

30. Admits the allegation in paragraph 30 that WaveLink repeatedly requested GFI; denies that the GFI was not provided.

31. Admits the allegation in paragraph 31 that Wavelink requested technical data for the five months following OTA award; otherwise denies the remaining allegations.

32. Admits the allegations contained in paragraph 32, 32(A), and 32(B) to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations.

33. Deny.

34. Admits the allegations contained in paragraph 34 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

35. Admits the allegations contained in paragraph 35 to the extent supported by the letter cited, which is the best evidence of its contents, otherwise denies.

36. Admits the allegations contained in paragraph 36 to the extent supported by the letter cited, which is the best evidence of its contents, otherwise denies..

37. Admits the allegation in paragraph 37 to the extent supported by the letter cited, which is the best evidence of its contents, otherwise denies.

38. Admits the allegation in paragraph 38 to the extent supported by the letter cited, which is the best evidence of its contents, otherwise denies.

39. Admits the allegations contained in paragraph 39 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

40. Admits the allegations contained in paragraph 40 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

41. Admits the allegations contained in paragraph 41 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

42. Admits the allegations contained in paragraph 42 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

43. Admits the allegations contained in paragraph 43 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

44. Admits the allegations contained in paragraph 44 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

45. Admits the allegations contained in paragraph 45 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

46. Admits the allegations contained in paragraph 46 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations.

47. Deny.

48. Admits the allegations contained in paragraph 45 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

49. Deny.

50. Denies the allegations contained in paragraph 50 for lack of knowledge or information sufficient to form a belief as to their truth.

51. Admits the allegation in paragraph 51 that WaveLink was never granted access to eMASS system, otherwise denies.

52. Admits.

53. Admits the allegations contained in paragraph 53 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

54. Admits the allegations contained in paragraph 54 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

55. Admits the allegations contained in paragraph 55 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

56. Admits the allegations contained in paragraph 56 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

57. Admits the allegations contained in paragraph 57 to the extent supported by project agreement, which is the best evidence of its contents; otherwise denies the allegations.

58. Deny.

59. Admits the allegations contained in paragraph 59 to the extent supported by the statement of work cited, which is the best evidence of its contents; otherwise denies the allegations.

60. Deny.

61. Deny.

62. Admits.

63. Deny.

64. Admits the allegations contained in paragraph 64 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

65. Admits the allegations contained in paragraph 65 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

66. Admits the allegations contained in paragraph 66 to the extent supported by the document cited, which is the best evidence of its contents; otherwise calls for a legal conclusion, to which no response is required.

67. Admits the allegations contained in paragraph 67 to the extent supported by the document cited, which is the best evidence of its contents; otherwise the allegations contained in paragraph 67 constitute conclusions of law and plaintiff's characterization of its complaint, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

68. Admits the allegations contained in paragraph 68 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

69. Admits the allegations contained in paragraph 69 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations.

70. Admits the allegations contained in paragraph 70 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

71. Admits the allegation in paragraph 71 that the agreements officer has not provided WaveLink with any commitment as to when its settlement proposal will be finally processed; denies the remainder of the allegation.

**COUNT I**
**(The allegations contained in the caption beneath COUNT I constitute conclusions of law and plaintiff's characterization of this action to which no answer is required; to the extent that they are deemed allegations of fact, they are denied.)**

72. Defendant's responses to paragraphs 1 through 71 of the complaint are incorporated by reference as though fully set forth herein.

73. Admits the allegations contained in paragraph 73 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

74. Admits the allegations contained in paragraph 74 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

75. Admits the allegations contained in paragraph 75 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

76. Admits the allegations contained in paragraph 76 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

77. Admits the allegations contained in paragraph 77 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

78. Admits the allegations contained in paragraph 78 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

79. Admits the allegations contained in paragraph 79 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

80. Admits the allegations contained in paragraph 80 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

81. Admits the allegations contained in paragraph 81 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies.

82. Denies the allegations contained in paragraph 82 for lack of knowledge or information sufficient to form a belief as to their truth.

83. Denies the allegations contained in paragraph 83 for lack of knowledge or information sufficient to form a belief as to their truth.

84. Admits the allegations contained in paragraph 84 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies.

85. Admits the allegations contained in paragraph 85 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

86. Admits the allegations contained in paragraph 86 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

87. Admits the allegations contained in paragraph 87 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

88. Admits the allegations contained in paragraph 88 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

89. Admits the allegations contained in paragraph 89 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

90. The allegations contained in paragraph 90 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

91. The allegations contained in paragraph 91 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied, admits the allegations contained in paragraph 91 to the extent supported by the

document cited, which is the best evidence of its contents; otherwise denies the allegations.

92. Admits the allegation contained in paragraph 92 that the Government has paid $120,768.71 to WaveLink; otherwise denies.

93. Deny.

**COUNT II**
**(The allegations contained in the caption beneath COUNT II constitute conclusions of law and plaintiff's characterization of this action to which no answer is required; to the extent that they are deemed allegations of fact, they are denied.)**

94. Defendant's responses to paragraphs 1 through 93 of the complaint are incorporated by reference as though fully set forth herein.

95. Deny.

96. Deny.

97. Admits the allegations contained in paragraph 97 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

98. Admits the allegations contained in paragraph 98 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

99. The allegations contained in paragraph 99 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

100. Deny.

101. Admits.

102. The allegations contained in paragraph 102 constitute plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations

of fact, admits to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

103. The allegations contained in paragraph 103 constitute plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, admits to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations. Admits the allegations contained in paragraph 103(A) to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations. Admits the allegations contained in the first sentence of paragraph 103(B) to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations. Admits the allegations contained in the second sentence of paragraph 103(B). Admits the allegations contained in paragraph 103(C) to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations. Admits the allegations contained in paragraph 103(D). Denies the allegations contained in paragraph 103(E). Admits the allegations contained in the first and second sentence of paragraph 103(F). Admits the allegations contained in the third sentence of paragraph 103(F) to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations. Admits the allegations contained in the fourth sentence of paragraph 103(F). Admits the allegations contained in paragraph 103(G) to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations. Admits the allegations contained in paragraph 103(H) to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

104. Admits the allegation contained in paragraph 104 to the extent supported by the statement from the documents cited, which is the best evidence of its contents; otherwise denies the allegation.

105. Admits the allegations contained in paragraph 105 to the extent supported by the statement cited, which is the best evidence of its contents; otherwise denies the allegations.

106. Admits that the Government did not provide the cybersecurity information, otherwise denies.

107. Admits the allegations contained in paragraph 107 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations.

108. Admit the statement in the allegation contained in paragraph 108 that eMASS is Government-controlled; otherwise denies the allegation.

109. The allegations contained in paragraph 109 are plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

110. Deny.

111. Admits the allegations contained in paragraph 111 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations. The allegations contained in 111(A) are plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegations contained in paragraph 111(B) and (C) for lack of knowledge or information sufficient to form a belief as to their truth. Denies the

allegations contained in paragraph 111(D). The allegations contained in 111(E) are plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

112. The allegations contained in paragraph 112 are plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, admits the allegations to the extent supported by the document cited, which is the best evidence of its contents; otherwise they are denied.

113. The allegations contained in paragraph 113 are plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, admits the allegations to the extent supported by the document cited, which is the best evidence of its contents; otherwise they are denied.

114. The allegations contained in paragraph 114 are plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, admits the allegations to the extent supported by the document cited, which is the best evidence of its contents; otherwise they are denied.

115. The allegations contained in paragraph 115 are plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

116. The allegations contained in paragraph 116 are plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

117. The allegations contained in paragraph 117 are plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, admits

the allegations to the extent supported by the document cited, which is the best evidence of its contents; otherwise they are denied.

118. Admits.

119. The allegation contained in paragraph 119 are plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

120. Denies for lack of knowledge as to whom the paragraph would characterize as "the Government's project leadership."

121. The allegations contained in paragraph 121 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

122. Admits the allegations contained in paragraph 122 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies.

123. Admits the allegations contained in paragraph 123 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies.

124. The allegations contained in paragraph 124 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

125. Denies the allegations contained in paragraph 125 for lack of knowledge or information sufficient to form a belief as to their truth.

126. Denies the allegations contained in paragraph 126. The allegation in footnote 7 of paragraph 126 constitutes conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

**COUNT III**
**(The allegations contained in the caption beneath COUNT III constitute conclusions of law and plaintiff's characterization of this action to which no answer is required; to the extent that they are deemed allegations of fact, they are denied.)**

127. Defendant's responses to paragraphs 1 through 126 of the complaint are incorporated by reference as though fully set forth herein.

128. Admits the allegations contained in paragraph 128 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies.

129. Admits the allegation in paragraph 129 that the Government concurred with the requested three-month extension for the System Requirements Review; denies the remainder of the allegations.

130. Deny.

131. Denies the allegations in paragraph 131 and all subparagraphs to paragraph 131.

132. Deny.

133. Admits the allegations contained in paragraph 133 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies.

134. Deny.

135. The allegations contained in paragraph 135 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

136. The allegations contained in paragraph 136 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

137. The allegations contained in paragraph 137 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. The allegations contained in footnote 8 to paragraph 137 constitute conclusions of law to

which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

**COUNT IV**
**(The allegations contained in the caption beneath COUNT IV constitute conclusions of law and plaintiff's characterization of this action to which no answer is required; to the extent that they are deemed allegations of fact, they are denied.)**

138. Defendant's responses to paragraphs 1 through 137 of the complaint are incorporated by reference as though fully set forth herein.

139. Admits the allegations contained in paragraph 139 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies.

140. Admits the allegations contained in paragraph 140 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies.

141. Deny.

142. Deny.

143. Admits.

144. The allegations contained in paragraph 144 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

145. Deny.

146. Admits the allegations contained in paragraph 146 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

147. The allegations contained in paragraph 147 are plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, admits the allegations to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

148. Denies the first sentence of allegation contained in paragraph 148. Admits the allegation contained in the remainder of paragraph 148 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies.

149. Deny.

150. The allegations contained in paragraph 150 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

151. The allegations contained in paragraph 150 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. The allegations contained in footnote 9 of paragraph 150 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

152. Deny.

153. Deny.

154. The allegations contained in paragraph 154 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

155. The allegations contained in paragraph 155 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

156. Denies the allegations contained in paragraph 156. The allegations contained in footnote 10, paragraph 156 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

//

//

//

**COUNT V**
**(The allegations contained in the caption beneath COUNT V constitute conclusions of law and plaintiff's characterization of this action to which no answer is required; to the extent that they are deemed allegations of fact, they are denied.)**

157. Defendant's responses to paragraphs 1 through 156 of the complaint are incorporated by reference as though fully set forth herein.

158. The allegations contained in paragraph 158 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

159. The allegations contained in paragraph 159 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

160. The allegations contained in paragraph 160 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

161. The allegations contained in paragraph 161 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

162. The allegations contained in paragraph 162 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

163. Deny.

164. Denies each and every allegation not previously admitted or otherwise qualified.

165. Denies that plaintiff is entitled to the relief set forth in the WHEREFORE paragraph immediately following paragraph 163, or to any relief whatsoever.

//

//

//

//

//

WHEREFORE, defendant requests that the Court enter judgment in its favor and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

JONATHAN D. GUYNN
Acting Assistant Attorney General

PATRICIA M. MCCARTHY
Director

STEVEN MICHAEL MAGER
Assistant Director

/s/Khashayar Attaran
KHASHAYAR ATTARAN
Trial Attorney
United States Department of Justice
Civil Division, Commercial Litigation Branch
P.O. Box 480 | Ben Franklin Station
Washington, DC 20044
(202) 257-8465
Khashayar.Attaran@usdoj.gov

*Attorneys for the United States*

*Of Counsel*

Sean A. Marvin
Trial Attorney, Team I

Major Jonathan S. DeMille
Trial Attorney, Team I
Contract Litigation &
Intellectual Property Division (KLIP)
U. S. Army Office of General Counsel
jonathan.s.demille.mil@army.mil

November 10, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on November 10, 2026, I filed the foregoing Answer through the CM/ECF system, which automatically provides notice to all counsel of record who have access to the electronic docket.

s/ Khashayar Attaran
KHASHAYAR ATTARAN